# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TYRONE LOWE**
    **Petitioner-Defendant,**

  v.                                  **Case No. 14-C-0050**
                                        **(Criminal Case No. 11-CR-74)**

**UNITED STATES OF AMERICA**
    **Respondent-Plaintiff.**

## RULE 4 ORDER

Pursuant to 28 U.S.C. § 2255, petitioner Tyrone Lowe moves to vacate his sentence for unlawful firearm possession. Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

The district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

## I. BACKGROUND

Petitioner pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and I sentenced him to 180 months in prison under the Armed Career Criminal Act ("ACCA"), 18

U.S.C. § 924(e), based on his prior conviction of three "violent felonies" – armed robbery, battery by a prisoner, and fleeing/eluding. (PSR ¶ 35; Plea Agreement ¶ 4-5.) Petitioner filed a notice of appeal, but his appointed lawyer concluded that the appeal was frivolous and moved to withdraw under Anders v. California, 386 U.S. 738 (1967). United States v. Lowe, 512 Fed. Appx. 628, 629-30 (7th Cir. 2013). In his response to counsel's motion, petitioner proposed to challenge the determination that he was an armed career criminal, arguing that his prior conviction for battery by a prisoner was not a violent felony under § 924(e)(2)(B). The Seventh Circuit found this argument "waived . . . because Lowe acknowledged in the plea agreement that he understood the court might deem him an armed career criminal and also admitted to having three predicate convictions for violent felonies, including the conviction for battery by a prisoner." Id. at 630-31. The Seventh Circuit agreed with counsel that other potential appellate issues were frivolous and dismissed the appeal. Id. at 631.

## II. DISCUSSION

In his § 2255 motion, petitioner argues that in light of the Supreme Court's recent decision in Descamps v. United States, 133 S. Ct. 2276 (2013), his battery by a prisoner conviction can no longer be deemed a violent felony under the ACCA.[1] Absent the ACCA designation, petitioner faced a statutory maximum of 10 years rather than a minimum of 15. See 18 U.S.C. § 924(a)(2). Petitioner argues that he was previously foreclosed from raising his claims that he is actually innocent under the ACCA and that his sentence exceeded the maximum prescribed by law.

---

[1] He also argues that his fleeing/eluding conviction does not qualify, but he concedes that precedent is against him. See Sykes v. United States, 131 S. Ct. 2267 (2011); United States v. Dismuke, 593 F.3d 582 (7th Cir. 2010).

2

Claims that a prisoner's sentence exceeded the statutory maximum due to the erroneous counting of a prior conviction under the ACCA may be raised under § 2255. See Welch v. United States, 604 F.3d 408, 412 (7th Cir. 2010); see also Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011). However, petitioner fails to explain how Descamps provides a basis for relief not previously available to him. See Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005) (explaining that claims previously raised and rejected on direct appeal are barred from collateral review absent good reason for reexamination, and claims omitted on appeal may be considered on collateral review only if the petitioner can show good cause for failing to raise the issue previously and actual prejudice based on the alleged error).

Under the ACCA, the term "violent felony" means "any crime punishable by imprisonment for a term exceeding one year . . . that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In determining whether a prior conviction qualifies as a violent felony, the sentencing court applies a "categorical approach," analyzing the statutory elements of the defendant's prior crime; the court does not look to the underlying facts to see if the defendant's conduct was, in fact, violent. E.g., United States v. Woods, 233 F.3d 482, 485 (7th Cir. 2000) (citing Taylor v. United States, 495 U.S. 575 (1990)). If the statute provides alternative means of committing the crime, some violent and some not, the district court may apply a "modified categorical approach," examining a limited set of additional materials to determine whether the defendant was convicted of the violent version of the crime. See, e.g., United States v. Capler, 636 F.3d 321, 323 (7th Cir. 2011). In Descamps, the Supreme Court clarified that the modified categorical

3

approach could not be applied to indivisible statutes that criminalize a broader swath of conduct than the relevant generic ACCA predicate. 133 S. Ct. at 2281.[2] Rather, the modified categorical approach can only be used with "divisible" statutes, i.e., those that list multiple, alternative elements, effectively creating several different crimes. Id. at 2285.

That was the rule in this circuit since at least 2009. See United States v. Woods, 576 F.3d 400, 411 (7th Cir. 2009) ("As we explained earlier, James, Taylor, and Shepard permit a court to go beyond the statutory definition of the crime to consult judicial records (charging documents, plea colloquy, etc.) only where the statute defining the crime is divisible, which is to say where the statute creates several crimes or a single crime with several modes of commission."). Thus, even if, as petitioner contends, Descamps applies retroactively to cases on collateral review in circuits (such as the Ninth) that previously allowed the modified categorical approach with indivisible statutes, see United States v. Isidoro, No. 13CR394, 2013 WL 5353001 (S.D. Cal. Sept. 23, 2013), nothing prevented him from making his argument on direct appeal to the Seventh Circuit. He cites no Seventh Circuit or Supreme Court case that foreclosed a challenge to his battery conviction on direct appeal. Indeed, he did raise this issue in his response to counsel's Anders brief. The Seventh Circuit found the argument waived.

In any event, petitioner fails to explain how Descamps or the modified categorical approach have any relevance to his case. For instance, he does not contend that his battery conviction arose under an over-broad, indivisible statute, and that I improperly looked to the underlying facts to determine that his crime really was a violent felony. Nor does he provide

---

[2]Allowing the modified approach with an over-broad statute "would enable a court to decide, based on information about a case's underlying facts, that the defendant's prior conviction qualifies as an ACCA predicate even though the elements of the crime fail to satisfy [the] categorical test." Id. at 2281-82.

4

an analysis of the specific statute at issue in his case. See Wis. Stat. § 940.20(1). The elements of Wisconsin's battery by a prisoner offense are: (1) the defendant was a prisoner; (2) the defendant intentionally caused bodily harm to the victim; (3) the victim was an officer, employee, visitor, or another inmate of the institution; (4) the defendant caused bodily harm without consent of the victim; and (5) the defendant knew that the victim was an officer, employee, visitor, or other inmate of the institution, and that the victim did not consent to the causing of bodily harm. Wis. JI-Criminal 1228. Petitioner fails to explain how it is possible to violate this statute in different ways, some "violent" and others not.

Finally, petitioner fails to demonstrate that battery by a prisoner does not categorically qualify as a violent felony.[3] Petitioner cites United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013), but that case is inapposite. Hemingway addressed whether the South Carolina common law crime of assault and battery of a high and aggravated nature ("ABHAN") qualified as a violent felony. Id. at 326. The Hemingway court first held that the Descamps divisibility analysis applied to common law offenses. The court then noted that, according to the South Carolina supreme court, the elements of ABHAN are (1) the unlawful act of violent injury to another, accompanied by (2) "circumstances of aggravation," which may include use of a deadly weapon, infliction of serious bodily injury, intent to commit a felony, disparity in age, physical condition or sex, indecent liberties, purposeful infliction of shame, resistance of lawful authority, and others. Id. at 333. Because the state judiciary's list of circumstances of

---

[3]Petitioner argues that I adopted a bare conclusory allegation that his battery conviction qualified, without conducting the required elements-based inquiry. As the Seventh Circuit noted on petitioner's direct appeal, however, petitioner conceded in the district court that he qualified under the ACCA, so there was no need for extended analysis. In any event, as discussed in the text that follows, petitioner fails to show that battery by a prisoner is not a violent felony.

5

aggravation was non-exhaustive, the Hemingway court concluded that the modified categorical approach did not apply. Id. at 333-34. The court then applied the categorical approach, holding that ABHAN did not qualify under the "force clause" of § 924(e)(2)(B)(i) because the South Carolina judiciary had concluded that the offense could be committed even if no real force was used against the victim. Id. at 335. The Hemingway court further concluded that ABHAN did not correspond to any of the enumerated crimes in § 924(e)(2)(B)(ii), and that it did not qualify under the "residual clause" in that sub-section because the offense, as construed by the state judiciary, could be committed even though no actual bodily harm was done. Id. at 337-38.

Petitioner appears to argue that, like South Carolina's ABHAN offense, Wisconsin law requires "circumstances of aggravation" to make battery, ordinarily a misdemeanor, a felony. However, the statute at issue here specifically identifies that circumstance – the defendant's status as a prisoner – and makes it an element of the offense. The statute contains no open-ended list of circumstances that might elevate a misdemeanor battery to a felony. More importantly, unlike South Carolina's ABHAN offense, Wisconsin's battery statute requires that the defendant use physical force, and that he cause bodily harm or injury to the victim. See United States v. Woodson, 513 Fed. Appx. 616, 618 (7th Cir. 2013). Petitioner acknowledges that, under Wisconsin law, "bodily harm" means "physical pain or injury, illness, or any impairment of physical condition." Wis. Stat. § 939.22(4). This essentially tracks the definition of "physical force" adopted by the Supreme Court in construing § 924(e)(2)(B). See Johnson v. United States, 559 U.S. 133, 140 (2010) ("We think it clear that in the context of a statutory definition of violent felony, the phrase physical force means violent force – that is, force capable of causing physical pain or injury to another person.") (internal quote marks omitted).

6

The Wisconsin statute is not satisfied by the mere "unwanted touching" covered by the over-broad Florida law at issue in Johnson. See id. at 1269-70.[4]

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2014.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[4] Petitioner argues that mitigating circumstances (i.e., the inherently violent and dangerous nature of prisons) weigh against including battery by a prisoner as an ACCA predicate. However, he cites no authority for taking such considerations into account.

7